08 1805

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 02 2008 ★
BROOKLYN OFFICE

-------------------------------------X

RASHAAN MESSADO,

Plaintiff,

-against-

THE CITY OF NEW YORK, IDRIS MOJEED, and JOHN DOES 1 through 10,

Defendants.

-------------------------------------X

**COMPLAINT**

GERSHON, J

**PLAINTIFF DEMANDS A TRIAL BY JURY**

POHORELSKY, M.J.

Plaintiff Rashaan Messado, by his attorneys, Reibman & Weiner, as and for his Complaint, hereby alleges as follows, upon information and belief:

**PARTIES, VENUE and JURISDICTION**

1. At all times hereinafter mentioned plaintiff, a black male, was a resident of Queens County, within the City and State of New York.

2. At all relevant times hereinafter mentioned, defendant City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and its employees.

3. At all times hereinafter mentioned, defendant Idris Mojeed, whose tax registry number is believed to 930752, was a member of the NYPD, was employed, retained, trained and supervised by New York City, and was a state actor performing his duties under

color of law.

4. At all times hereinafter mentioned, defendant John Does 1 through 10 were members of the NYPD, employed, retained, trained and supervised by New York City, and were state actors performing their duties under color of law.

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983.

6. Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq. in the Eastern District of New York, where the plaintiff and defendant City of New York reside.

**RELEVANT FACTS**

7. At or around 2:00 p.m. on July 2, 2007, plaintiff was present in his residence, where he had been living for less than two weeks, when a man purporting to be a deliveryman employed by Federal Express, came to the door with a delivery for a man whom plaintiff did not know and whose name he did not recognize.

8. The purported Federal Express employee was, in actuality, defendant Mojeed, who was acting in his capacity as a member of the NYPD. The box he was seeking to deliver allegedly contained cocaine.

9. Although the package to be delivered was not addressed to plaintiff, and plaintiff refused delivery on the grounds that he did not know the person to whom it was addressed, and despite the fact that defendants knew that the package was not intended for plaintiff, defendant Mojeed repeatedly attempted to persuade plaintiff to accept the package.

10. During the course of his attempted delivery of the package to plaintiff,

defendants learned that the person to whom it was addressed resided in the basement apartment of plaintiff's building -- in which plaintiff plainly did not reside -- and delivered it to that person. Mojeed was present when this person signed for the package and asked plaintiff to hold it for the landlady.

11. Defendant Mojeed and the Doe defendants then forcibly entered plaintiff's premises at gunpoint, intentionally struck plaintiff with a foreign object, causing him to be knocked to the ground, and thereafter beating and kicking him, at which time he was placed in handcuffs.

12. At no time did defendants have probable cause to seize, arrest or search plaintiff, nor was there any reasonable basis for defendants to believe such cause existed.

13. At no time did defendants have any cause or justification to utilize any level of force against plaintiff, nor was it reasonable for defendants to believe that such cause or justification existed.

14. At no time did the defendants have sufficient legal cause or consent to enter or search any part of the plaintiff's premises, nor was there a reasonable basis for defendants to believe that such cause or consent existed, and to the extent that a warrant had been obtained, it is believed to have been obtained on deliberately false or misleading premises.

15. Notwithstanding the lack of probable cause for his arrest, defendant Mojeed swore out a criminal complaint and plaintiff was subsequently prosecuted in Queens County Criminal Court under docket number 2007QN036565 on multiple charges of narcotics possession.

16. As a direct and proximate cause of defendants' false statements of fact

concerning plaintiff, the criminal court set bail at $150,000, which neither plaintiff nor his family could possibly post, and remanded Mr. Messado into custody.

17. On August 1, 2007, the court removed the bail requirement and ordered that plaintiff be released on his own recognizance, following 31 days of incarceration.

18. The charges against plaintiff were later adjourned in contemplation of dismissal on November 28, 2007.

19. That at all times relevant herein, the defendants, including NYPD employees and police officers, were acting within the scope of their employment and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**

20. Plaintiff repeats the allegations contained in paragraphs "1" through "19" above as though stated fully herein.

21. Defendants willfully and intentionally seized, arrested, and searched plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

22. Defendants, through their willful and intentional use of false statements and withholding and falsification of evidence, deprived plaintiff of his right to due process.

23. Defendants willfully and intentionally subjected plaintiff to excessive force by employing more than what was reasonably necessary under the circumstances, and without a reasonable basis to believe that the use of such force was necessary.

24. By so doing, the individual defendants, individually and collectively,

subjected the plaintiff to false arrest and imprisonment, excessive force, unlawful searches of person and property, and deprived plaintiff of his right to due process, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the United States Constitution, including, but not limited to, the Fourth and Fourteenth Amendments thereto.

25. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

**SECOND CAUSE OF ACTION**

26. Plaintiff repeats the allegations contained in paragraphs "1" through "25" above as though stated fully herein.

27. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within the NYPD.

28. Upon information and belief, defendant knew that there was inadequate supervision within the NYPD on and prior to plaintiff's arrest, and that NYPD guidelines, as promulgated in the Patrol Guide and NYPD publications and training materials, were routinely ignored and violated by NYPD members. Despite the prior notice of inadequate supervision, defendant took no steps to ensure that reasonable and appropriate levels of supervision were in place in order to reasonably provide that NYPD officers, employees, and their agents, engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers to stop, detain, search and arrest members of the public, including and

specifically, the plaintiff herein.

29. Defendant was deliberately indifferent to the risk that the inadequate level of supervision would lead to the violation of individuals' constitutional rights in general, and caused the violation of plaintiff's rights in particular.

30. By reason thereof, defendants have violated 42 U.S.C. § 1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

**THIRD CAUSE OF ACTION**

31. Plaintiff repeats the allegations contained in paragraphs "1" through "30" above as though stated fully herein.

32. At all times hereinafter mentioned the municipal defendant, the City of New York, its agents, employees and servants, including but not limited to the aforementioned individual defendants, acted under color of the statutes, customs, ordinances and usage of the City and State of New York.

33. That the defendant, City of New York, by its persistent lax supervision of its officers, by its practice of requiring its officers to effect a certain minimum number of arrests, and persistent and arbitrary refusal to discipline its officers and to fully and adequately investigate allegations of abuse, neglect, cruelty, and violation of departmental rules and regulations has demonstrated a pattern and practice of abuse of power and deprivation of civil rights by subjecting persons to unlawful and unjustified detentions and deprivations of legal rights and remedies.

34. Such actions are believed to be comprised of, *inter alia*, the persistent harassment of individuals, false arrest of said persons, insensitivity, intolerance, physical punishment and abuse and excessive force, failure to investigate claims of abuse and violations of departmental rules and regulations, failure to discipline officers when necessary or recommended by the CCRB, covering up such incidents when possible, and generally creating and fostering an environment in which an attitude of "cover-up" and denial of officer misbehavior, tortious acts, and violations of law are condoned and accepted, all of which is common knowledge to the subject community and residents within the New York City area.

35. By reason thereof, the municipal defendant has violated 42 U.S.C. §1983, and thereby deprived plaintiff of his right to equal protection under the law and impeded the due course of justice, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States, and the Constitution of the State of New York, and caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

**FOURTH CAUSE OF ACTION**

36. Plaintiff repeats the allegations contained in paragraphs "1" through "35" above as though stated fully herein.

37. Defendant's violation of plaintiff's constitutional rights was motivated by defendants' racial animus towards plaintiff and was knowingly undertaken with the intent to deny the plaintiff his right to full and equal benefit of the laws on the basis of her race.

38. By reason of the foregoing, defendants violated 42 U.S.C. § 1981 and

caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

**FIFTH CAUSE OF ACTION**

39. Plaintiff repeats the allegations contained in paragraphs "1" through "38" above as though stated fully herein.

40. Defendants willfully and intentionally seized, searched, battered, and arrested plaintiff without cause, and without a reasonable basis to believe such cause existed, and in so doing, violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under Article 1, §§11, 12 of the Constitution of the State of New York.

41. Defendants' violation of plaintiffs' state constitutional rights was knowingly undertaken with the intent to deny the plaintiff his right to full and equal benefit of the laws of the State of New York.

42. By reason thereof, defendants have caused plaintiff to suffer emotional and physical injuries, mental anguish, the loss of his constitutional rights, and unlawful incarceration.

**DEMAND FOR A JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the Plaintiff demands judgment against Defendants jointly and severally as follows:

i. on the first cause of action actual and punitive damages in an amount to be determined at trial;

ii. on the second cause of action actual and punitive damages in an amount to be determined at trial;

iii. on the third cause of action actual damages in an amount to be determined at trial;

iv. on the fourth cause of action actual and punitive damages in an amount to be determined at trial;

v. on the fifth cause of action actual and punitive damages in an amount to be determined at trial;

vi. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of this action; and

vii. such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
April 30, 2008

REIBMAN & WEINER

By: ______________________

Michael B. Lumer (ML-1947)
Attorneys for Plaintiff
26 Court Street, Suite 1005
Brooklyn, New York 11242
(718) 522-1743